# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――――――

№ 14-cv-5061 (RER)

―――――――――――――――

Hubert Bearam,

Plaintiff,

versus

Carribean Airlines Limited,

Defendant.

―――――――――――――――

**Opinion & Order**

―――――――――――――――

**Ramon E. Reyes, Jr., U.S.M.J.**:

This action was commenced by plaintiff Hubert Bearam in Kings County Civil Court to recover damages when the arrival of his flight from Georgetown, Guyana to New York City was delayed three hours. Defendant Carribean Airlines Limited subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441(d) and the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c). Defendant now seeks summary judgment in its favor. For the reasons which follow, defendant's motion is granted.

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Holcomb v. Iona Coll.,* 521 F.3d 130, 137 (2d Cir. 2008). A fact is "material" when it may affect the outcome of the suit. *Anderson,* 477 U.S. at 248. To determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences from that evidence in the light most favorable to the non-moving party. *Doro v. Sheet Metal Workers' Int'l Ass'n,* 498 F.3d 152, 155 (2d Cir. 2007); *Woodman v. WWOR–TV, Inc.,* 411 F.3d 69, 75 (2d Cir. 2005).

The Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), an international treaty to which the United States is a party, establishes a uniform system of liability for international air carriers. S. Treaty Doc. No. 106–45, 1999 WL 33292734 (May 29, 1999), art. 1; *see also Ehrlich v. American Airlines,* 360 F.3d

366, 370–71 (2d Cir. 2004). The Montreal Convention is intended to "limit airlines' liability during international air carriage while also protecting the rights of passengers." *Kruger v. Virgin Atl. Airways, Ltd.,* 976 F.Supp.2d 290, 317–318 (E.D.N.Y. 2013) (internal citation omitted). It is the exclusive remedy for claims falling under its purview. *King v. Am. Airlines,* 284 F.3d 352, 356-57 (2d Cir. 2002); *Booker v. BWIA West Indies Airways Ltd.,* No. 06–CV–2146 (RER), 2007 WL 1351927, at *2 (E.D.N.Y. May 8, 2007) ("the Montreal Convention has been construed has having a complete preemptive effect over all claims within its scope.")

Article 19 of the Montreal Convention provides that an air carrier "is liable for damage occasioned by the delay in the carriage by air of passengers, baggage, or cargo." Montreal Convention, 1999 WL 33292734, at art. 19; *see also Kamanou–Goune v. Swiss Int'l Airlines,* No. 08 Civ. 7153, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009) ("Article 19 governs claims arising from delay in international air transportation."). The Convention does not, however, define what kind of "damage" is covered under this Article. The Supreme Court has indicated that Article 19 covers harms that are distinct from the "personal injuries" recoverable under other parts of the Convention. *See El Al Israel Airlines v. Tseng,* 525 U.S. 155, 168-69, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (distinguishing between "the three areas of air carrier liability (personal injuries in Article 17, baggage or goods loss, destruction, or damage in Article 18, and damage occasioned by delay in Article 19)").

Courts in the Second Circuit have consistently found that Article 19 only applies to "*economic* loss occasioned by delay in transportation." *Sobol v. Continental Airlines,* No. 05–CV–8992, 2006 WL 2742051, at *5 (S.D.N.Y. Sept. 26, 2006) (emphasis added); *Ikekpeazu v. Air France,* No. 04–cv–711, 2004 WL 2810063, at *5 (D.Conn. Dec. 6, 2004) ("Plaintiff's allegations of financial injury resulting from the delay in his return to practice provide a basis for a claim under [Article 19].... However, his allegations of emotional injury do not."). Emotional harms simply are not compensable under Article 19. *E.g., Vumbaca v. Terminal One Group Ass'n L.P.,* 859 F.Supp.2d 343, 367 (E.D.N.Y. 2012); *Fields v. BWIA Int'l Airways Ltd.,* No. 99–CV–2493, 2000 WL 1091129, at *6 (E.D.N.Y. July 7, 2000); *Thach v. China Airlines, Ltd.,* No. 95 Civ. 8468, 1997 WL 282254, at *4 (S.D.N.Y. May 27, 1997).

Although Bearam has not responded to defendant's discovery requests seeking documents and information related to his damages, the Court distinctly remembers from its several conferences with the parties that Bearam only sought damages for the emotional harm associated with the delayed flight. Because he seeks damages only for emotional harm, he cannot recover under the Montreal Convention. His claims must, therefore, be dismissed with prejudice.

SO ORDERED.

*Ramon E. Reyes, Jr.*
United States Magistrate Judge

Dated: February 25, 2016
      Brooklyn, NY

2